United States District Court
Southern District of Texas
**ENTERED**
July 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| OMAR RUDULFO TOUCHE,<br>"Petitioner,"<br><br>v.<br><br>WARDEN, Port Isabel Detention Center, *et al.*,<br>"Respondents." | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:26-cv-00621 |

**ORDER**

Before the Court is Petitioner's "Verified Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), Petitioner's "Motion for Temporary Restraining Order and/or Preliminary Injunction" (Dkt. No. 2) ("MTRO"), and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss as Moot or For Lack of Subject Matter Jurisdiction" (Dkt. No. 10) ("MTD").

By their MTD, Respondents notify the Court of Petitioner's removal from the United States and request dismissal of the Petition on mootness grounds. *See generally* Dkt. No. 10. The Court concludes from this filing that the Petition is now moot. For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot, and the Court is deprived of jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012).

The Petition sought two main forms of relief: (1) release from detention and (2) an order prohibiting transfer to another detention facility.[1] Dkt. No. 1 at 24-25. Because Petitioner's removal presupposes his

[1] The Petition also seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), Dkt. No. 1 at 25, 28 U.S.C. § 2412(d)(1)(A). Because EAJA fees are not available in habeas corpus proceedings such as this one, *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023), such relief is foreclosed.

release from Respondents' custody and thus eliminates any possibility of transfer to another detention facility, there is no longer a live case-or-controversy for which this Court can offer relief.

Accordingly, Respondents' MTD (Dkt. No. 10) is **GRANTED** and the Petition (Dkt. No. 1) is **DISMISSED** as moot. Petitioner's MTRO (Dkt. No. 2) is **DENIED as moot**. The Clerk of the Court is **ORDERED** to close this case.

SIGNED this July 9, 2026

Rolando Olvera
United States District Judge